25CA1186 Peo in Interest of JAM 07-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1186
Arapahoe County District Court No. 24JV30031
Honorable Bonnie McLean, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of J.A.M. and L.R.L.S-J., Children,

and Concerning R.L.G.,

Appellant,

and

S.E.M. and R.S-J.,

Appellees.

---

JUDGMENTS VACATED AND CASE
REMANDED WITH DIRECTIONS

Division A
Fox, Pawar, and Meirink, JJ.
PER CURIAM

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

---

John Christofferson, Interim County Attorney, Sylvia Geiger, Assistant County Attorney, Aurora, Colorado, for Appellee the People of the State of Colorado

Sheena Knight, Guardian Ad Litem for J.A.M.

Sheena Knight, Counsel for Youth, Brighton, Colorado, for L.R.L.S-J.

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

S.E.M., Pro Se

Hillary Lipton, Denver, Colorado, for Appellee R.S-J.

¶ 1    R.L.G. (mother) appeals the judgments allocating parental responsibilities for J.A.M. and L.R.L.S-J. (the children) to their respective fathers, S.E.M. and R.S-J.  Specifically, she asserts that the juvenile court violated her due process rights when it denied her an opportunity to be heard.

¶ 2    Following the filing of mother's opening brief, the parties filed a "Stipulation for Reversal and Remand."  In the stipulation, the parties agreed that the juvenile court entered the allocation of parental responsibilities (APR) judgments over mother's objection to the proposed stipulated APR and without a requested evidentiary hearing.

¶ 3    Our review of the record aligns with the parties' factual assertions in the stipulation.  Indeed, at a virtual hearing, after mother's counsel read the terms of the stipulated APR into the record, mother objected, saying, that was "not what I agreed to."  Mother then twice told the court that she wanted to "go to court."  The court told mother to "stop interrupting."  Two weeks later, the court entered written APR judgments without holding an evidentiary hearing.

¶ 4     This exchange between the juvenile court and mother reveals that mother was not given a meaningful opportunity to be heard, as due process requires. *People in Interest of R.J.B.*, 2021 COA 4, ¶ 26 (we review de novo whether a party was afforded sufficient procedural due process); *In re Marriage of Hatton*, 160 P.3d 326, 329 (Colo. App. 2007) (due process requires a party to be provided a meaningful opportunity to be heard). The essence of due process is fundamental fairness. *Van Sickle v. Boyes*, 797 P.2d 1267, 1273 (Colo. 1990).

¶ 5     Accordingly, we vacate the APR judgments and remand the case to the juvenile court to schedule new APR proceedings and to give mother a meaningful opportunity to be heard at those proceedings. *See In re C.L.S.*, 252 P.3d 556, 559 (Colo. App. 2011) (a judgment entered in violation of due process is void).